# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALBERT NEWMAN,**

    **Plaintiff,**

v.                                    **CASE NO. 4:06-cv-00268-SPM-AK**

**PARIENTE, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a second amended complaint on July 17, 2006, (doc. 14), in response to the Court's previous Order directing him to file a complaint as directed. (Doc. 12). Shortly after the amended complaint was filed the Court's Order (doc. 12) was returned as undeliverable. (Doc. 16). It was re-mailed to an address obtained by the Clerk's Office, (doc. 17), but this, too, was returned as "not deliverable as addressed." (Doc. 18). The address was corrected and re-mailed. (Doc. 19). This, too, was returned as undeliverable with the notation "released." (Doc. 20).

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734 (1962). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order. Plaintiff has not advised the Court of his current address. Thus, there is no way for the Court to communicate with Plaintiff about the prosecution of his case. Consequently, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Gainesville, Florida, **this 21st Day** of September, 2006.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**